IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE BUTLER, | : | CIVIL ACTION |
| | : | NO. 02-CV-4215 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TASTY BAKING COMPANY, | : | |
| TOM KENNY, FRANK KUCERA, | : | |
| and BILL MAHONEY, | : | |
| | : | |
| Defendants. | : | |

**ANSWER**

Tasty Baking Company, Thomas Kenny, Frank Kucera, and William Mahoney (sometimes referred to herein collectively as "Defendants") hereby answer the Complaint filed by Christine Butler (sometimes referred to herein as "Plaintiff").

**FIRST DEFENSE**

The paragraph numbers below correspond to the paragraph numbers in the Complaint.

1.  Defendants admit only that Plaintiff is an individual. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 1 of the Complaint.

2. Defendants admit the averments of paragraph 2 of the Complaint.

3. Defendants admit only that Thomas Kenney is an individual and citizen of the Commonwealth of Pennsylvania and resides therein. Plaintiff's reference to "at all times relevant hereto" is vague and unclear and, for that reason, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of paragraph 3 of the Complaint. Defendants deny the remaining averments of paragraph 3 of the Complaint.

4. Defendants admit only that Frank Kucera is an individual and citizen of the Commonwealth of Pennsylvania and resides therein. Plaintiff's reference to "at all times relevant hereto" is vague and unclear and, for that reason, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of paragraph 4 of the Complaint. Defendants deny the remaining averments of paragraph 4 of the Complaint.

5. Defendants admit only that William Mahoney is an individual and citizen of the Commonwealth of Pennsylvania and resides therein. Plaintiff's reference to "at all times relevant hereto" is vague and unclear and, for that reason, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of paragraph 5 of the Complaint. Defendants deny the remaining averments of paragraph 5 of the Complaint.

6. Defendants admit only that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§1331 and 1337 and that Count I of the Complaint seeks to assert a claim under Title VII of the Civil Rights Act of 1964 (sometimes referred to herein as "Title

VII"). Defendants deny any remaining averments of paragraph 6 of the Complaint and deny that 28 U.S.C. §1337 has any application to the claims in this action.

   7. Defendants admit only that Plaintiff seeks to invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 with respect to Plaintiff's claims arising under the Pennsylvania Human Relations Act (sometimes referred to herein as the "PHRA"). Defendants deny the remaining averments of paragraph 7 of the Complaint.

   8. Defendants admit only that the Equal Employment Opportunity Commission (sometimes referred to herein as the "EEOC") issued a Notice of Right to Sue (Issued on Request) to Plaintiff dated May 2, 2002 and that this suit was filed with this Court on or about June 27, 2002. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 8 of the Complaint.

   9. Plaintiff's averment referencing "all times relevant hereto" is vague and unclear. Accordingly, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the Complaint.

   10. Plaintiff's averment referencing "all times material herein" is vague and unclear. Accordingly, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the Complaint.

   11. Defendants deny the averments of paragraph 11 of the Complaint. By way of further answer, Defendants aver that Plaintiff was employed by Defendant Tasty Baking

Company (sometimes referred to herein as the "Company") from November 11, 1974 until September 22, 2000. Defendants further aver that Plaintiff was hired as a Clerk in November 1974 and that Plaintiff became the Traffic Coordinator on or about May 24, 1990, a position which she held until the effective date of her resignation on September 22, 2000.

12. Defendants deny the averments of paragraph 12 of the Complaint.

13. Defendants deny the averments of paragraph 13 of the Complaint.

14. Defendants deny the averments of paragraph 14 of the Complaint.

15. Defendants deny the averments of paragraph 15 of the Complaint.

16. Defendants deny the averments of paragraph 16 of the Complaint.

17. Defendants deny the averments of paragraph 17 of the Complaint.

18. Defendants deny the averments of paragraph 18 of the Complaint.

19. Defendants deny the averments of paragraph 19 of the Complaint.

20. Defendants deny the averments of paragraph 20 of the Complaint.

21. The phrase "registering a complaint with the personnel office of the Defendant" is vague and unclear and, therefore, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of that averment. Defendants deny the remaining averments of paragraph 21 of the Complaint.

22. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the Complaint. By way of further answer, Defendants aver that Plaintiff did not tell Defendant Mahoney that Plaintiff was being sexually harassed or discriminated against on the basis of gender.

23. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph 23 of the Complaint. Defendants deny the remaining averments of paragraph 23 of the Complaint. By way of further answer, Defendants aver that Plaintiff did not tell Defendant Mahoney that Plaintiff was being sexually harassed or discriminated against on the basis of gender.

24. Defendants deny the averments of paragraph 24 of the Complaint.

25. Defendants deny the averments of paragraph 25 of the Complaint.

26. Defendants deny the averments of paragraph 26 of the Complaint.

27. Defendants deny the averments of paragraph 27 of the Complaint.

28. Defendants deny the averments of paragraph 28 of the Complaint.

29. Defendants deny the averments of paragraph 29 of the Complaint.

30. Defendants deny the averments of paragraph 30 of the Complaint. By way of further answer, Defendants aver that after tendering her resignation, at an exit interview, Plaintiff for the first time alleged that she was discriminated against on the basis of her gender.

31. Defendants deny the averments of paragraph 31 of the Complaint.

32. Defendants incorporate by reference their answers to paragraphs 1 through 31 of the Complaint, as though set forth fully herein, as their answer to paragraph 32 of the Complaint.

33. Defendants deny the averments of paragraph 33 of the Complaint.

34. Defendants deny the averments of paragraph 34 of the Complaint.

35. Defendants deny the averments of paragraph 35 of the Complaint.

36. Defendants incorporate by reference their answers to paragraphs 1 through 35 of the Complaint, as though set forth fully herein, as their answer to paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants incorporate by reference their answers to paragraphs 1 through 39 of the Complaint, as though set forth fully herein, as their answers to paragraph 40 of the Complaint.

41. Plaintiff's use of the term "at all times material herein" is vague and unclear and, accordingly, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the Complaint.

42. Defendants deny the averments of paragraph 42 of the Complaint.

43. Defendants deny the averments of paragraph 43 of the Complaint.

44. Defendants incorporate by reference their answers to paragraphs 1 through 43 of the Complaint, as though set forth fully herein, as their answer to paragraph 44 of the Complaint.

Defendants deny the allegations in the WHEREFORE clause following paragraph 44 of the Complaint. By way of further answer, Defendants aver that Plaintiff is not entitled to any relief.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Complaint fails to state a claim upon which punitive damages may be granted.

## FOURTH DEFENSE

Plaintiff was treated in a fair, non-discriminatory manner, and her claims against Defendants are frivolous, vexatious and were brought in bad faith.

## FIFTH DEFENSE

Plaintiff's claims are barred by Plaintiff's voluntary resignation from employment.

## SIXTH DEFENSE

The Company has a policy against sexual harassment and discrimination, and when advised of Plaintiff's complaint of discrimination, it took immediate and appropriate action.

## SEVENTH DEFENSE

Plaintiff did not inform the Company of some or all of the complaints of sexual harassment and/or discrimination in the Complaint prior to her resignation. Plaintiff thereby deprived the Company of the opportunity to take immediate and appropriate action. Accordingly, her claims based on such conduct are barred.

## EIGHTH DEFENSE

Any claim that may be stated in the Complaint by Plaintiff for damages for mental anxiety, emotional distress, upset, humiliation or embarrassment or for any other injury or harm

is barred by the applicable workers' compensation statute which provides the exclusive remedy.

### NINTH DEFENSE

This Court lacks jurisdiction over any claim that may be stated in the Complaint for damages resulting from mental anxiety, emotional distress, upset, humiliation, embarrassment or harassment, or for any other injury or harm by virtue of the applicable workers' compensation statute.

### TENTH DEFENSE

Any claim which may be stated in the Complaint under Title VII which is based on events occurring more than 180 days (or any other applicable time period) prior to the filing of the charge of discrimination with the EEOC is barred by the provisions of Title VII.

### ELEVENTH DEFENSE

Any claim that may be stated in the Complaint under Title VII is barred to the extent that the issues and averments in the Complaint exceed the scope of the administrative proceedings before the EEOC.

### TWELFTH DEFENSE

Any claim that may be stated in the Complaint under the PHRA is barred to the extent that Plaintiff has failed to exhaust her administrative remedies under that statute.

### THIRTEENTH DEFENSE

Any claim that may be stated in the Complaint under the PHRA is barred in whole or in part to the extent that it exceeds the scope of the particular allegations set forth in the administrative complaint of discrimination.

### FOURTEENTH DEFENSE

Any claim that may be stated in the Complaint under the PHRA against Thomas Kenney, Frank Kucera, and William Mahoney (sometimes referred to herein as the "Individual Defendants") is barred because such individuals are not liable under the PHRA.

### FIFTEENTH DEFENSE

Plaintiff's claims against Defendants under Title VII are barred to the extent that they violate and exceed the amounts recoverable under the provisions of the Civil Rights Act of 1991.

### SIXTEENTH DEFENSE

Plaintiff cannot recover for any claims based on any action taken by Defendants with respect to her employment because such action were taken for legitimate, non-discriminatory and non-retaliatory reasons.

### SEVENTEENTH DEFENSE

All employment and personnel decisions concerning Plaintiff were justified.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by her interim earnings or compensation or amounts earnable by her with reasonable diligence.

### NINETEENTH DEFENSE

Any monies earned by Plaintiff after her resignation from employment with the Company constitute a set-off against any recovery.

### TWENTIETH DEFENSE

Any claim that may be stated in the Complaint is barred in whole or in part by the Plaintiff's failure to properly mitigate any damages that she may have sustained.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that an award of such damages would violate the provisions of the Constitution of the United States, the applicable state constitution, or any other law.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for punitive damages is barred because the alleged actions on which the claims are based are not outrageous, malicious, or reckless, and would not support an award of punitive damages.

## TWENTY-THIRD DEFENSE

Plaintiff's claim for punitive damages is barred because the claim does not meet the requirements of malice or reckless indifference to the federally protected rights of Plaintiff.

## TWENTY-FOURTH DEFENSE

The Company is not liable for punitive damages because it did not authorize, ratify, or participate in any alleged wrongful acts.

## TWENTY-FIFTH DEFENSE

The Company is not vicariously liable for punitive damages because any discrimination alleged in the Complaint would violate the anti-discrimination policies of the Company applicable to Plaintiff's employment.

## TWENTY-SIXTH DEFENSE

The Company avers that to the extent that any conduct of any person was unlawfully motivated, or constituted unlawful sexual harassment or gender discrimination, the Company is not liable under principles of agency.

## TWENTY-SEVENTH DEFENSE

The Company is not liable for the discriminatory or other actions alleged by Plaintiff to the extent such actions were not performed by an agent of the Company with real or apparent or any other type of authority and were not the types of conduct that would give rise to any liability on the part of the Company.

## TWENTY-EIGHTH DEFENSE

Any and all actions taken by the Individual Defendants in connection with the Plaintiff were taken within the scope of their employment.

WHEREFORE, Defendants demand judgment:

    a.    dismissing the Complaint;

    b.    awarding Defendants their costs, expenses, experts' fees and reasonable attorneys' fees; and,

    c.    awarding Defendants such other and further relief as this Court deems just and proper.

    _____
Christopher J. Moran (I.D. No. 68142)
Dara Penn Newman (I.D. No. 83466)
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103

Attorneys for Defendants Tasty Baking Company, Thomas Kenney, Frank Kucera, and William Mahoney.

Dated: August 7, 2002

SIMON HIGGINS & MORAN, P.C.
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103
(215) 419-6530
    Of Counsel.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August, 2002, I served a copy of the foregoing Answer of Defendants to the Complaint upon the attorney for Plaintiff, by first-class mail, postage prepaid, addressed as follows:

>Sidney L. Gold, Esquire
>Lovitz & Gold, PC
>Eleven Penn Center
>1835 Market Street, Suite 515
>Philadelphia, PA 19103

>_____
>Christopher J. Moran
>Attorney for Defendant
>Tasty Baking Company